UNITED STATES of America,
Plaintiff–Appellee,

v.

Andrew EASLEY, Defendant–Appellant.

No. 89–3190.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 18, 1991.

Decided Oct. 2, 1992.

---

Barry R. Elden, Pamela Pepper (argued), Asst. U.S. Attys., Criminal Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

Kenneth J. Wadas (argued), Chicago, Ill., for defendant-appellant.

Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Before his conviction, Andrew Easley was a corrections officer at the Cook County (Illinois) Jail who by his own admission has fought an uphill battle with a cocaine addiction. Although he claims to have been drug-free since 1988, he was present and played a role in the sale of cocaine to a DEA agent on March 21, 1989.

On that date, David Toles, a confidential informant and a prior inmate at the Cook County Jail, appeared at Easley's apartment. According to Easley, Toles had asked to be taken to his apartment to see his "cousin" (undercover DEA Agent Sherrod Jones) to get some drugs and had threatened to make things difficult for Easley at work if he did not cooperate.

After Easley and Toles met Agent Jones at Toles's apartment, the three men and an unidentified fourth individual drove to Abel Jenkins's apartment. Agent Jones told Easley that he wanted to purchase an ounce of cocaine and Easley replied that he did not believe Jenkins would sell more than $\frac{1}{16}$th of an ounce. When they arrived at the apartment, Easley went into the apartment alone. He returned two or three minutes later and confirmed that Jenkins would sell $\frac{1}{16}$th of an ounce. Agent

Jones responded that he wanted an ounce and Easley stated that Agent Jones should talk to Jenkins himself. Agent Jones and Easley then entered the apartment together, while the Toles remained in the car.

After Easley responded affirmatively to Jenkins's question whether Agent Jones worked with him, Jenkins agreed to provide Agent Jones with 1/16th of an ounce of cocaine. He asked the men to wait for him in a second floor apartment where a female was smoking cocaine. Agent Jones felt uncomfortable and made an excuse to return to his car. He told Toles, who was in the car, to go up to the second floor while he waited on the porch. When Jenkins came by, Agent Jones followed him upstairs.

Jenkins set 1/16th of an ounce on a table, and Agent Jones told him that he needed an ounce of cocaine. Jenkins stated that an ounce would cost $1,000 whereupon Agent Jones pulled out a wad of money and placed it on the table. Jenkins left and returned with more cocaine which he placed on the table. According to Agent Jones, Easley sat next to him at the table, three to four feet away. Agent Jones then paid Jenkins $1,000 and Easley $200. After the transaction was complete, Easley, Toles and Agent Jones left and Agent Jones dropped Easley off at his apartment.

At trial, contrary to Agent Jones's testimony, Easley testified that Agent Jones had given him $200 when they met at Toles's apartment—before there was a drug purchase. Easley also testified that he, Toles and Agent Jones entered Jenkins's apartment together when they arrived, and that he stood by the window during the transaction, approximately ten to twelve feet away from the other men, and did not participate in the transaction.

Easley was convicted by a jury of conspiring to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846, and aiding and abetting possession of cocaine with intent to distribute, in violation of 18 U.S.C. § 2. The district court sentenced him to 33 months imprisonment followed by 5 years of supervised release. Easley appeals his conviction, alleging that

the district court erred in refusing to give the jury a "missing witness" instruction regarding the absence of the government's confidential informant. Easley also appeals his sentence, alleging that the district court erred in applying a two-point enhancement for obstruction of justice pursuant to Sentencing Guideline § 3C1.1. We affirm both the conviction and the sentence.

*The "missing witness" instruction.*

Toles, the government's confidential informant, did not testify at trial. During the pre-trial proceedings, Easley and other defendants requested and received Toles's last known address and his complete criminal history. However, the defendants never subpoenaed Toles or requested that the government produce him.

During the conference on instructions, held after the submission of evidence had concluded, Jenkins and Easley argued that because Toles was the government's informant and had disappeared before trial, they were entitled to a "missing witness" instruction. All parties agreed that Toles was unavailable to the government as well as to the defendants. The district judge replied that if the witness was available to the government, the defendants would be entitled to such an instruction. However, because he was not available to the government, no "missing witness" instruction was warranted. The judge went on to say that he would not give an instruction that the government had an obligation to keep tabs on a confidential informant unless the defendants produced a case squarely on point. The defendants never produced such a case and the issue was not raised again. The defendants were permitted to comment on Toles's absence in closing argument.

■ We note initially that Easley failed to tender a proposed "missing witness" instruction to the district court. This procedural background is important because it determines our standard of review. *United States v. Briscoe*, 896 F.2d 1476, 1513 (7th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 173, 112 L.Ed.2d 137 (1990). Because Easley failed to tender a "missing witness"

instruction to the court he did not preserve this issue for appeal and, thus, we review his claim under a plain error standard. *See id.; United States v. Grier*, 866 F.2d 908, 932 (7th Cir.1988).

■ The rule is that a defendant is not entitled to a "missing witness" instruction where a government witness is equally unavailable to the opposing parties. *See United States v. Rollins*, 862 F.2d 1282, 1298 (7th Cir.1988), *cert. denied*, 490 U.S. 1074, 109 S.Ct. 2084, 104 L.Ed.2d 648 (1989); *accord United States v. Cochran*, 955 F.2d 1116, 1123–24 (7th Cir.1992).

■ In *United States v. Pizarro*, 717 F.2d 336 (7th Cir.1983), we upheld the district court's refusal to give a "missing witness" instruction under facts similar to the case. In *Pizarro*, we said that even when a confidential informant's testimony could only have been produced by the government, the defendant was not entitled to a "missing witness" instruction where neither side had the practical ability to produce the informant at trial. *Id.* at 346. To the extent that Easley seeks to inject a due process claim into his jury instruction argument, his effort fails for two reasons. First, Easley has not fleshed out the facts or law to support such an argument, and it is not the obligation of this court to do so. *United States v. Papia*, 910 F.2d 1357, 1363 (7th Cir.1990). Second, even if Easley had effectively pursued this argument on appeal, it is waived because he did not raise it in the district court. *United States v. Henry*, 933 F.2d 553, 558 (7th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992).

■ Easley was not entitled to a "missing witness" instruction; therefore, there was no error—plain or otherwise. The district court properly refused to provide the jury such an instruction, and therefore we affirm Easley's conviction.

*The two-point enhancement for obstruction of justice.*

Sentencing Guideline § 3C1.1 provides that:

If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.

The commentary to this guideline includes "committing, suborning, or attempting to suborn perjury" in the list of conduct to which the enhancement applies. The district court increased Easley's offense level under § 3C1.1 on the basis that "the defendant perjured himself while describing the sequence of events that took place on March 21, 1989."

Easley cites no cases to support his claim that the district court erred in applying the two-level enhancement. Instead, he cites to the following commentary to § 3C1.1:

(2) In applying this provision, suspect testimony and statements should be evaluated in a light most favorable to the defendant;

(3) This provision is not intended to punish a defendant for the exercise of a constitutional right. A defendant's denial of guilt is not a basis for application of this provision.

Easley apparently argues that the district court did not consider these principles and therefore deprived him of due process. This argument can be disposed of in short order.

■ A sentencing court's determination that a defendant obstructed justice is a finding of fact which is reviewed on appeal under a clearly erroneous standard. *United States v. Casanova*, 970 F.2d 371, 377 (7th Cir.1992); *United States v. Feekes*, 929 F.2d 334, 338 (7th Cir.1991). All that the district court must do is make a specific, independent finding that a defendant was less than truthful when he testified. *United States v. Davis*, 938 F.2d 744, 747 (7th Cir.1991). The district court clearly did so in this case.

■ Easley's testimony was contrary to Agent Jones's testimony at several critical junctures, in particular with regard to when Agent Jones paid him $200 and his location during the drug transaction. The district judge, who was in the best position

to evaluate Easley's truthfulness, determined that Easley had lied about these facts as well as about Toles's alleged efforts to entrap him. That determination was not clearly erroneous.

■ There are no impermissible implications in the district court's decision. A defendant has a constitutional right to testify truthfully, but he does not have a constitutional right to commit perjury. *United States v. Grayson,* 438 U.S. 41, 54–55, 98 S.Ct. 2610, 2617–18, 57 L.Ed.2d 582 (1978); *Casanova,* 970 F.2d at 378. Therefore an enhancement under § 3C1.1 for committing perjury does not chill the exercise of a constitutional right. *United States v. Contreras,* 937 F.2d 1191, 1194 (7th Cir.1991). *But see United States v. Dunnigan,* 944 F.2d 178 (4th Cir.1991), *cert. granted,* — U.S. ——, 112 S.Ct. 2272, 119 L.Ed.2d 199 (1992).

The district court did not err in imposing a two-level enhancement for obstructing justice; therefore, Easley's sentence must be affirmed.

The judgment of the district court is AFFIRMED.