986 F.2d 1425
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rod JOHNSON, Defendant-Appellant.
 No. 91-3813.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 3, 1993.*
Decided Feb. 24, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 The defendant, Rod Johnson, was convicted of possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and of travelling in interstate commerce to promote an unlawful activity, 18 U.S.C. § 1952. Johnson challenges his conviction on the grounds that the district court erred in not conducting an evidentiary hearing on his motion to suppress identification evidence and in not suppressing the evidence as impermissibly suggestive. For the following reasons, we affirm.
 
 I. BACKGROUND
 
 2
 On May 2, 1989, at Chicago's Union Station, Rod Johnson deboarded an Amtrak train arriving from Los Angeles, California, wearing sunglasses and carrying an unusually bulky garment bag. Having been informed that a passenger in California had used cash to purchase a one-way ticket on this train, DEA Agent Irwin and Amtrak Investigator Miller became suspicious of Johnson as he walked from the train. The agents identified themselves and were given permission to search Johnson's bag. Johnson requested, however, that the search be conducted in a more private place. The agents agreed and as they proceeded, Johnson dropped his belongings and fled. In the garment bag, the agents found 9.971 grams of 92% pure cocaine and in his briefcase, they found several papers identifying Johnson, as well as a business card from Amtrak employee, Shirlene Mitchell.
 
 
 3
 Later that day, the agents questioned Mitchell about the defendant. It was learned that Mitchell had spoken with Johnson while on the train and that the two discussed real estate investments. Johnson indicated that he could help Mitchell obtain a home from a foreclosure action in California and gave her the telephone number of a California real estate business where he worked. Mitchell gave Johnson her business card with her home telephone number written on it. Approximately one week later, Agent Irwin prepared an eight-photo spread using a 1988 photograph of the defendant. On June 7, 1989, Mitchell viewed the photo spread and identified Johnson as the man she had met on the train.
 
 
 4
 Nearly two years passed before the defendant was arrested in California on a federal fugitive warrant and brought to Chicago to stand trial. Prior to trial, Johnson moved to suppress Mitchell's identification of him on the grounds that the photo spread was impermissibly suggestive. Upon reviewing the photo spread, Judge Moran found it not unnecessarily suggestive and denied the motion. A mistrial resulted, however, when the jury was unable to reach a verdict. Within two months, the case was retried, resulting in a conviction. At both his first and second trial, the defendant presented a defense of mistaken identity. Although Mitchell testified at both trials, she identified Johnson as the man she met on the train only at the second trial. Johnson was identified at both trials, however, by another Amtrak employee and by the two arresting agents.
 
 II. ANALYSIS
 
 5
 On appeal, Johnson challenges the admissibility of identification evidence offered by Mitchell and the district court's decision to deny the motion to suppress without a hearing. He argues that the photo spread itself was unduly suggestive and tainted Mitchell's out-of-court and in-court identifications.
 
 
 6
 In reviewing a challenge to the admissibility of identification testimony, we are guided by the same two-step analysis employed by the district court. The first step requires that the defendant establish that the pretrial identification procedure was unnecessarily suggestive. United States v. Donaldson, 978 F.2d 381, 385 (7th Cir.1992). To meet this initial burden, Johnson must show that the photo spread was so unduly suggestive that it created a substantial likelihood that Mitchell's identification was based on an irreparable misidentification. Only if the defendant meets this burden will the court proceed to the second consideration of "whether the identification, viewed under the totality of the circumstances, is reliable despite the suggestive procedures." Kubat v. Thieret, 867 F.2d 351, 357 (7th Cir.), cert. denied, 493 U.S. 874 (1989); United States v. Johnson, 859 F.2d 1289, 1295 (7th Cir.1988). Accordingly, if the pretrial identification procedure was impermissibly suggestive, "an in-court identification will be permitted only if under the 'totality of the circumstances the identification was reliable.' " United States v. L'Allier, 838 F.2d 234, 239 (7th Cir.1988) (quoting Neil v. Biggers, 409 U.S. 188, 199 (1972)).
 
 
 7
 Johnson's argument that the court erred in not conducting "a hearing to determine whether under the 'totality of the circumstances' the identification was reliable" (Appellant's Br. at 7), misapprehends the two-step analysis required of the district court. The sequential analysis described above requires a reliability determination only when a defendant has established that the confrontation procedure was impermissibly suggestive. Accordingly, before reaching the question of reliability, the court is required to determine whether the challenged identification procedure was unnecessarily suggestive.
 
 
 8
 Although we acknowledge that the ultimate determination of whether the identification is reliable is a mixed question of law and fact ( see Montgomery v. Greer, 956 F.2d 677, 680 (7th Cir.), cert. denied, 113 S.Ct. 460 (1992); Love v. Young, 781 F.2d 1307, 1311 (7th Cir.), cert. denied, 476 U.S. 1185 (1986)), whether the composition of the photo array was impermissibly suggestive is a question of law. Johnson, 859 F.2d at 1294; see also Donaldson, 978 F.2d at 387. Johnson's motion to suppress identification evidence challenged only the composition of the photo array. During a status hearing held prior to the first trial, Judge Moran offered to review the photo spread and to make a judgment regarding whether it was unduly suggestive. Defendant's counsel made no objection and, in fact, agreed to Judge Moran's proposal for resolving the motion. (Status Tr. at 3). After viewing the photo spread in light of the written motions, Judge Moran denied the motion to suppress and entered an order to that effect stating: "This court has reviewed the photo display and finds it not to be unnecessarily and impermissibly suggestive." (Order, Docket 24).
 
 
 9
 It is not necessary for a court to conduct an evidentiary hearing to determine whether the pretrial identification procedure was so unnecessarily suggestive and conducive to irreparable mistaken identification when the facts as to suggestiveness are undisputed. Johnson, 859 F.2d at 1294 (citing United States v. Smith, 546 F.2d 1275, 1281 (5th Cir.1977)). We cannot see how a challenge to the composition of the photo array itself would require any further factual inquiry which would necessitate an evidentiary hearing. Whether the photo array itself was unnecessarily suggestive was a question of law for the court, and therefore, no hearing was required. Id. Furthermore, not only did Johnson fail to request an evidentiary hearing in this case, but one was not necessary to resolve this purely legal question. See id. As a question of law, the trial court's determination that the photo array was not unnecessarily suggestive is reviewed de novo. Bowlen v. United States, 956 F.2d 723, 727 (7th Cir.1992).
 
 
 10
 The photo array contained eight front-view, black and white photographs of equal clarity depicting black males of similar age. On appeal, as in his motion to suppress, Johnson delineates three aspects of the photo spread that he claims rendered it unduly suggestive: (1) the photo array contains pictures of individuals wearing glasses, when there was no mention that the suspect wore glasses, (2) Johnson's photograph was "clearly a mug shot," showing a visible string holding up the prisoner identification number, and (3) a "square" at the base of the photograph distinguishes him from all the other pictures.
 
 
 11
 Having conducted an independent review of the photo spread, we cannot say that the identification procedure was so suggestive as to violate Johnson's due process rights. With respect to the first claim, only three of the eight men were depicted with glasses; the other five, including the defendant, were not. In the three photographs of men with glasses, the glasses did not obscure the view of the individuals' faces. Indeed, Mitchell testified that when viewing the array, the presence or absence of glasses in no way influenced her selection. (Tr. at 136). Where there is no evidence that the witness was influenced by an allegedly distinguishing feature, we have found it not to be unduly suggestive. Kubat, 867 F.2d at 358.
 
 
 12
 We have likewise concluded that the mere use of a "mug shot" is not necessarily suggestive. Id. (mug shots showing arrest dates were not unduly suggestive). The fact that five of the other photographs are also mug shots diminishes rather than emphasizes any suggestive effect of Johnson's mug shot. We further think it unlikely that the presence of the "string" which holds the prisoner identification number would alone permit the witness to discern its function. Finally, the "square" at the base of the defendant's photograph is also clearly not a distinguishing feature of impermissibly suggestive magnitude where all eight photographs have the same size square placed in the same position.
 
 
 13
 In his appellate brief, the defendant also asserts that the photospread contained "wide disparity between the suspect and several of the other pictures in the array including a beard and other facial hair." (Br. at 13). Because this contention is raised for the first time on appeal, we find the defendant has waived this argument by not raising it before the district court. United States v. Easley, 977 F.2d 283, 286 (7th Cir.1992) (failing to press an argument before the district court waives the right to present it on appeal). In any event, this argument also fails to establish that the photo array was unduly suggestive. Of the eight photographs, seven of the men have moustaches and/or other facial hair. Along with Johnson, two other men had only moustaches. We have found similar photo spreads containing only minor differences not to be suggestive. L'Allier, 838 F.2d at 240 (citing United States v. Kimberlin, 805 F.2d 210, 227 (7th Cir.1986), cert. denied, 483 U.S. 1023 (1987)). Moreover, there is no indication that the presence or absence of facial hair influenced Mitchell's selection therefore, it was not necessarily suggestive. (Tr. at 136). Kubat, 867 F.2d at 358.
 
 
 14
 Also raised for the first time on appeal is defendant's contention that Mitchell's in-court identification was tainted because Johnson was the only black person in the courtroom. However, the defendant failed to object on this basis before the district court, and therefore, he has waived the right to present this argument on appeal. United States v. Hartmann, 958 F.2d 774, 783 (7th Cir.1992); see also Easley, 977 F.2d at 286.
 
 
 15
 After independently reviewing the photo array, we conclude that the district court correctly determined that the identification procedures were not impermissibly suggestive. Because this determination was a matter of law, there was no need for an evidentiary hearing. Accordingly, the district court's denial of Johnson's motion to suppress was not clearly erroneous. United States v. Donaldson, 978 F.2d 381, 387 (7th Cir.1992). Having determined that the identification procedures were not impermissibly suggestive, there is no need to reach the second part of the analysis--whether Mitchell's identification was reliable despite an unduly suggestive photo array. Id.
 
 
 16
 Accordingly, we conclude that the district court did not err in denying Johnson's motion to suppress without an evidentiary hearing or in admitting the identification evidence. The district court's judgment is AFFIRMED.
 
 
 
 *
 The court has granted the Appellant's motion to waive oral argument in this case. Order Aug. 6, 1992. Accordingly, this appeal has been submitted on the briefs and record for decision. See Fed.R.App.P. 34(a); Circuit Rule 34(f)