16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Joe AGUILAR, Defendant/Appellant.
Joe AGUILAR, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 Nos. 93-1412, 93-1413.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Nov. 17, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Joe Aguilar appeals the district court's denial of his amended motion to correct his sentence pursuant to 28 U.S.C. Sec. 2255 and his motion for the return of property seized by the federal government. We affirm.
 
 Section 2255 Motion
 
 2
 Aguilar was convicted by a jury of conspiracy to possess with intent to distribute ten kilograms of cocaine in violation of 21 U.S.C. Sec. 846, and was sentenced to 169 months imprisonment. On direct appeal, this court affirmed Aguilar's conviction. United States v. Aguilar, 948 F.2d 392 (7th Cir.1991). Aguilar then sought to correct his sentence under 28 U.S.C. Sec. 2255 on the grounds that he was denied the effective assistance of counsel. Specifically, he argued that his attorney induced him to stand trial instead of pleading guilty, and failed to advise him of the obstruction of justice enhancement and the acceptance of responsibility reduction available under the Sentencing Guidelines. In denying Aguilar's amended Sec. 2255 motion, the district court found cause for Aguilar's failure to appeal directly his ineffective assistance claim, but concluded that Aguilar failed to show "prejudice" from his procedural default.
 
 
 3
 We agree that Aguilar demonstrated "cause" for his procedural default because his allegations rested upon evidence outside the trial record.[1] See Guinan v. United States, No. 92-2832, slip op. at 3-8 (7th Cir. Sept. 30, 1993); Bond v. United States, 1 F.3d 631, 635 (7th Cir.1993). This is consistent with our prior decisions. Indeed, we have held that "a defendant who presents an ineffective assistance claim for the first time on direct appeal has little to gain and everything to lose." United States v. Davenport, 986 F.2d 1047, 1050 (7th Cir.1993); see Guinan, No. 92-2832, slip op. at 3-8 (7th Cir. Sept. 30, 1993) (holding that "if a defendant postpones raising the issue of ineffective assistance of counsel until the collateral stage he must have a valid reason for the postponement"); Bond, 1 F.3d at 635.
 
 
 4
 We also agree that Aguilar did not meet the prejudice prong. To establish an ineffective assistance of counsel claim, Aguilar must show that his counsel's performance was deficient and that this deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Levine, No. 91-3514, slip-op. at 14 (7th Cir. Sept. 27, 1993). The "prejudice" component focuses on whether counsel's deficient performance deprives the defendant of a fair trial. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993) (citing Strickland, 466 U.S. at 687). Aguilar cannot satisfy the burden of showing that his counsel's performance prejudiced him.[2]
 
 
 5
 Aguilar argues that counsel induced him to stand trial instead of pleading guilty and, as a result, he did not receive a two-level sentencing reduction for acceptance of responsibility. U.S.S.G. Sec. 3E1.1. However, Aguilar would not be entitled automatically to a sentencing reduction even if he pled guilty because the reduction for acceptance of responsibility can follow a guilty plea or a jury verdict. Further, in United States v. Delgado, 936 F.2d 305, 311 (7th Cir.1991), this court held that a defendant is not eligible for the acceptance of responsibility reduction even where he recants the false information given to the police. Here, Aguilar did not recant, but rather stated, "[I] did not plead guilty nor accept responsibility." Amended Sec. 2255 Petition at p 50. Thus, he would not qualify for the reduction in any event.
 
 
 6
 Aguilar also argues that his ill-induced decision to stand trial resulted in a two-level enhancement for obstruction of justice. U.S.S.G. Sec. 3C1.1. While Aguilar had the right to testify at his trial, he did not have the right to testify falsely. United States v. Dunnigan, 113 S.Ct. 1111, 1117 (1993); United States v. Easley, 977 F.2d 283 (7th Cir.1992). As noted by the district court, "[t]he decision to testify falsely was Aguilar's alone." It "can not be blamed on his attorney's trial tactics." United States v. Sanchez, 984 F.2d 769, 774 (7th Cir.1993).
 
 
 7
 Aguilar finally argues that the district court erred in refusing to conduct an evidentiary hearing on his Sec. 2255 motion. "Merely raising a Sec. 2255 motion does not automatically entitled the defendant to a hearing." United States v. Politte, 852 F.2d 924, 931 (7th Cir.1988). A judge should dismiss the motion without a hearing if the movant clearly is not entitled to relief. Baker v. United States, Nos. 91-1746 and 91-1956, slip op. at 6, n. 3 (7th Cir. Oct. 15, 1993); Liss v. United States, 915 F.2d 287, 290 (7th Cir.1990); see also Rule 8(a), Federal Rules Governing Section 2255 Proceedings (the judge shall determine whether any evidentiary hearing is required). As Aguilar was not entitled to relief, the district court properly denied the Sec. 2255 motion without an evidentiary hearing.
 
 Rule 41(e) Motion
 
 8
 Aguilar moved under Rule 41(e) for the return of property seized by the DEA.[3] Specifically, Aguilar sought the return of (1) $4200 in currency seized from him upon his arrest in March 1990, and (2) $1200 in currency seized from the cash register of his bar when the bar was seized. With respect to the seizure of the $4200, the district court held that it had no jurisdiction to review Aguilar's motion because he failed to timely challenge the seizure in the administrative forfeiture proceeding brought under 19 U.S.C. Sec. 1607. Aguilar asserts that the district court had jurisdiction and should have considered his argument that he was not given notice of the forfeiture in violation of due process.
 
 
 9
 Once the DEA initiates administrative forfeiture proceedings, the district court is divested of jurisdiction to adjudicate the return of the property. Linarez v. United States Dep't of Justice, No. 92-1794, slip op. at 8 (7th Cir. Aug. 9, 1993). The district court does not regain jurisdiction unless an interested party files a claim of interest and posts bond with the agency within twenty days from the date of the first publication of the notice of seizure. 19 U.S.C. Sec. 1608; 21 C.F.R. Sec. 1316.76; Linarez, No. 92-1794, slip. op. at 8. If no such claim is filed or bond is posted, the forfeiture process continues administratively. Linarez, No. 92-1794, slip op. at 8; 19 U.S.C. Sec. 1609(a); 21 C.F.R. 1316.77(a).
 
 
 10
 In this case, the DEA sent written notice to Aguilar's Rockford, Illinois, address. After the letter was returned as "unclaimed," it published a notice in USA Today for three consecutive weeks. Because no one filed a claim of interest within the allotted time, the district court did not regain jurisdiction and a decree of forfeiture was entered. See United States v. Price, 914 F.2d 1507, 1511 (D.C.Cir.1990). Thus, the district court was correct in finding that it had no jurisdiction.
 
 
 11
 In addition, Aguilar's due process claim is not properly before us, as it should have been litigated in the forfeiture proceeding. Nonetheless, the claim lacks merit. In complying with the requirements of due process, the DEA was required to provide notice that was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). The written notice of forfeiture was sent to Aguilar's last known address at 1701 South Main, Rockford, Illinois. Aguilar states that his address was in Melrose Park, Illinois "when he was not staying in 1701 South Main, Rockford, IL 61102." The DEA did not violate Aguilar's due process rights by delivering notice to the Rockford, Illinois, address which was his business and admitted residence. The DEA need not go beyond initial satisfactory notice. See Sarit v. DEA, 987 F.2d 10, 15 (1st Cir.1993). Additionally, the DEA provided publication notice in USA Today, thereby satisfying the statutory requirements.[4]
 
 
 12
 With respect to Aguilar's attempt to recover the $1200 in currency, Aguilar challenged the seizure in a judicial forfeiture proceeding in the district court, but was unsuccessful. He did not take a direct appeal. Aguilar's failure to appeal forecloses our consideration of this issue. He now cannot use a Rule 41(e) motion to circumvent the provided legal remedy on a direct appeal. See Pinkey v. Keane, 920 F.2d 1090, 1096 (2d Cir.1990), cert. denied, 111 S.Ct. 2524 (1991) (finding that when review is available and not sought, collateral estoppel applies).
 
 
 13
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The government concedes as much in its brief. See Appellant's Brief at 17 ("[w]hile this Court may not be in a position to evaluate the reasonableness of what precisely was communicated to the defendant by his counsel, neither was the district court.")
 
 
 [2]
 We need not assess the "performance" component of the Strickland test if Aguilar cannot show prejudice. See United States v. Delgado, 936 F.2d 303, 311 (7th Cir.1991); United States v. Fakhoury, 819 F.2d 1415, 1424 (7th Cir.1987), cert. denied, 484 U.S. 1026 (1988)
 
 
 [3]
 Although not specifically identified by Aguilar in his motion for the return of property to the district court, such a motion is properly brought under Fed.R.Crim.P. 41(e)
 
 
 [4]
 Aguilar contends that the district court should have invoked its equitable jurisdiction in this case. However, he has not shown that he had an inadequate legal remedy or that he will suffer irreparable injury. Linarez, No. 92-1794, slip op. at 11-12. Aguilar did not file a claim or post bond to challenge the forfeiture, as was his right. We conclude that the district court correctly declined to invoke its equitable jurisdiction