**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ervin J. ROBINSON, Defendant–
Appellant.**

**No. 93–1090.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 23, 1993.

Decided Jan. 24, 1994.

Rehearing and Suggestion for Rehearing
En Banc Denied March 29, 1994.

Michael Jude Quinley (argued), Office of U.S. Atty., Criminal Div., Fairview Heights, IL, for plaintiff-appellee.

William D. Stiehl, Jr. (argued), Wimmer, Stiehl & Montalvo, Belleville, IL, William Gavras, St. Louis, MO, for defendant-appellant.

Before ESCHBACH, FLAUM, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Robinson conducted an illegal drug business, which dealt in cocaine and marijuana, in and around St. Clair County, Illinois beginning some time after his release from prison in 1981. He was arrested in the Spring of 1992.

On September 10, 1992 Robinson pled guilty to thirty-five counts of a thirty-six count indictment concerning his drug dealing, and related money laundering and tax evasion.[1] The thirty-sixth count, which was dropped, was a charge of obstruction of justice. Robinson pled guilty only four days before trial, which had been set for September 14, 1992.

The government and Robinson prepared a plea agreement. In it both parties agreed that the base offense level under the sentencing guidelines for the purposes of Robinson's sentence was level 38. The parties also agreed that there would be a two level reduction for acceptance of responsibility. The plea agreement also stated that the parties could not agree on whether or not Robinson should receive a two-level enhancement for obstruction of justice.

Robinson's sentencing hearing began on December 11, 1992. The hearing was continued because the district court wanted to hear testimony from codefendant James Garcia.

1. Robinson was charged in Count 1 with conspiracy to distribute and possess marijuana and cocaine, in Count 2 with distribution and possession with intent to distribute cocaine and marijuana, in Count 3 with participating in a continuing criminal enterprise, in Counts 4 through 30 with money laundering, in Counts 31 and 32 with providing false statements to a government agency, and in Counts 33 through 35 with providing false statements to a government agency.

Garcia was one of Robinson's colleagues in the illegal drug trade. The hearing was resumed on December 30. The district court heard the testimony of Robinson himself, Garcia, and of law enforcement personnel involved with the investigation and arrest of Robinson. The district court also listened to tape recordings of telephone conversations between Robinson and Garcia.

When sentencing Robinson, the district court determined Robinson's *net* offense level for application of the sentencing guidelines. The court found that Robinson had obstructed justice, and added a two level increase to his sentence. The district court rejected Robinson's argument that he should be given an additional one level reduction, for a total of three, for acceptance of responsibility as allowed by § 3E1.1(b)(2)[2] of the guidelines, rather than the two level reduction he agreed to in the plea agreement. The net offense level the district court arrived at was, therefore, level 38.

Robinson objects to the district court's calculation of his net offense level. First, he claims that he should have been given an extra one level reduction for acceptance of responsibility, for a total reduction of three levels. Second, he claims the district court erred in finding that he obstructed justice, and that the two level increase on that basis was therefore improper. Robinson claims further that the district court, by allowing a two level enhancement for obstruction of justice, denied him his right to due process. He claims that his guilty plea was contingent on the dropping of the obstruction of justice count of the indictment. Therefore, Robinson argues, it was unfair for the district court to consider evidence at the sentencing hearing that he obstructed justice, and to increase his sentencing guideline level on that basis.

Robinson, in a supplemental brief, also argues that the district court erred in four other ways. First, it convicted him of both conspiracy and participating in a continuing criminal enterprise. He claims that the district court may convict him of one or the other, but not both. Second, he claims that the district court did not determine the amount of drugs involved in the offense prior to sentencing him as, he argues, it is required to do. Third, Robinson claims that the district court did not follow the required procedure when enhancing his sentence based on a prior conviction. Fourth, he claims that the district court did not determine that there was a factual basis for his guilty plea, as is required by Rule 11(f). The government responds that Robinson waived the first three of the claims when he signed the plea agreement, and that the district court's Rule 11(f) determination was sufficient.

 The standard of review for the district court's determination of acceptance of responsibility is clear error. *United States v. Yanez*, 985 F.2d 371 (7th Cir.1993). The standard of review for the district court's determination that Robinson obstructed justice is, also, clear error. *United States v. Wilson*, 985 F.2d 348 (7th Cir.1993). *See also United States v. Gould*, 983 F.2d 92 (7th Cir.1993) (Factual findings used to determine guideline sentencing range are reviewed for clear error). The standard for review of Robinson's due process claim is *de novo*. *United States v. Neely*, 980 F.2d 1074 (7th Cir.1992) ("[I]f the court's ruling implicates the defendant's constitutional rights, we review it *de novo*.").

The four challenges Robinson raised in his supplemental brief go to the merits of his conviction. We review the first three to determine whether he waived them when pleading guilty. His fourth claim is that the district court failed to determine that there was a factual basis for his plea, as required by Fed.R.Crim.Pro. 11(f). We review to determine whether the district court complied with Rule 11(f).

---

2. Section 3E1.1(b) of Sentencing Guidelines reads:

> [If] defendant has assisted authorities in the investigation or prosecution of his own misconduct by ...

> (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, decrease the offense level by 1 additional level.

*Guideline Level Reduction for Acceptance of Responsibility*

■ Robinson pled guilty four days before trial. He claims in his brief that he had agreed to plead guilty "at least a week" prior to trial. Neither four days, nor seven days, nor seven-plus-a-few days, given the facts in this case, was "timely notice" within the meaning of § 3E1.1(b)(2).

The government states that the notice it received did *not* allow it to "avoid preparing for trial." The government claims that up to the time of the guilty plea, it had expended "considerable funds and effort preparing for a five- to six-week trial."

The district court referred to "knowledge of its own docket" when denying the extra one point decrease. The district court apparently found that notice of Robinson's guilty plea had not been sufficiently timely to allow it to "allocate its resources effectively."

The purpose of § 3E1.1(b)(2) is reiterated in Application Note 6, which reads in pertinent part:

> In general, the conduct qualifying for a decrease in offense level under [this section] will occur particularly early in the case. For example, to qualify under subsection (b)(2), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.

Section 3E1.1(b)(2) is meant to reward early guilty pleas which enhance efficiency for the government, and for the court. Robinson's guilty plea, four days before trial, was not "particularly early in the case." Nor was it early enough to enhance the efficiency of either the court or the government.

Robinson's guilty plea did not entitle him to an extra one point reduction in his offense level under § 3E1.1(b)(2). The district court made no error when it denied Robinson a third point of reduction for early acceptance of responsibility.

*Guideline Level Increase for Obstruction of Justice*

■ Section 3C1.1 of the Sentencing Guidelines requires a two level increase in offense level if the defendant is found to have "... willfully ... attempted to obstruct or impede the administration of justice during the investigation, prosecution, or sentencing of the instant offense." The commentary to this section contains a list of examples of conduct to which the section applies. The first item listed reads as follows: "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly, or indirectly or attempting to do so."

The district court found that Robinson had obstructed justice within the meaning of this section, and increased his sentencing level accordingly. Specifically, the district court found that Robinson had tried "to persuade Garcia from giving complete and full and truthful information to the government, and did intend to persuade him to not make any deals with the government or to testify for them." Robinson argues that the district court committed clear error in so finding.

The district court based its conclusion on tapes of two telephone conversations between Garcia and Robinson, and the testimony of both men regarding a conversation which occurred when Garcia visited Robinson in the St. Clair County jail. A review of the hearing transcript, and the typescripts of the telephone conversations, does not demonstrate that the district court erred in concluding that Robinson was trying to persuade Garcia not to cooperate with the government.

The phone conversations are meandering, repetitive, composed of sentence fragments, with numerous inaudible gaps. Nonetheless, even in cold print and unclear as they are, the conversations demonstrate Robinson's concern about Garcia cooperating with the government. Robinson argues that nowhere in the telephone conversation did he directly tell Garcia to lie, but rather he repeatedly told Garcia not to let anyone "put words in your mouth." However, Garcia and Robinson had known each other for years, and were apparently personal friends. There is every reason to believe that two people who were friends, and who had worked together

closely for years in illegal enterprises could communicate with a certain amount of indirection, and still make their meaning known to each other.

Furthermore, we have previously affirmed the findings of a district court which imposed an enhancement for obstruction of justice under § 3C1.1. when it concluded that a defendant had sought, indirectly, to influence a co-defendant to lie. In *United States v. Cherif*, 943 F.2d 692, 703 (7th Cir.1991) we upheld the district court's finding that a letter from the defendant to a codefendant which said, falsely, "you don't know anything" about the subject matter of the prosecution was "a subtle and somewhat clever attempt to tell [the codefendant] 'don't spill the beans.'" The similarity to this case is obvious. Robinson's admonition, "don't let them put words in your mouth" also meant, "don't spill the beans."

The district court listened to the taped conversation on the first day of the sentencing hearing. It concluded that "the obvious purpose of the telephone conversation was to tell Mr. Garcia in a guarded way that he should not cooperate, that he should not testify—and that he should not tell the government what they wanted to know." At the end of the second and final day of the sentencing hearing, the district court, having heard both of the parties to the conversation testify in his presence, again concluded that Robinson was telling Garcia, in the court's words, to "keep your mouth shut."

The government claimed that when Garcia visited Robinson in the county jail, Robinson again tried to persuade him not to cooperate with the authorities. Garcia stated that Robinson had offered him a bribe by "flashing hand signals." Garcia demonstrated these hand signals to the court when he testified. The district court had no tape of the conver-

sation at the jail, so it had to rely on the testimony of the two men to determine what had happened. Having heard both, he believed Garcia.[3]

It was the job of the government to demonstrate by a preponderance of the evidence that the sentence enhancement should be applied to Robinson. *United States v. Hassan*, 927 F.2d 303, 308 (7th Cir.1991). The factual determination in this case came down primarily to an assessment of the credibility of witnesses. The district court had to decide whether Garcia or Robinson was telling the truth about the import of their cryptic conversations. Assessing the credibility of witnesses, determining who is telling the truth and who is lying, is the job of the district court. In *United States v. Easley*, 977 F.2d 283, 286–87 (7th Cir.1992), we found that there was no clear error when the district court, which is in the "best position to evaluate truthfulness", determined which of two witnesses giving contradictory testimony was telling the truth. The *Easley* court, having made its determination of truthfulness, imposed a two point enhancement under § 3C1.1.

What happened in this case is effectively identical to what happened in *Easley*. Similarly, we find no error in this case.

*Due Process Challenge to Guideline Level Increase for Obstruction of Justice*

■ When Robinson pled guilty, the government dropped the last of thirty six counts of its indictment, obstruction of justice. However, the plea agreement explicitly stated that the government could use evidence of obstruction of justice during sentencing. The pertinent paragraph of the plea agreement reads:

Defendant and the government cannot agree that Defendant has not obstructed

---

**3.** Robinson argues that the district court is required to view his "actions and statements" in the "light most favorable" to him. He cites to Application Note 1 to § 3C1.1, and the Second Circuit case *United States v. Perdomo*, 927 F.2d 111 (2nd Cir.1991), for this proposition. However, Application Note 1 applies to enhancements imposed when the defendant obstructed justice by making false testimony or false statements. It is specifically meant to prevent any chilling effect of the defendant's constitutional right to a trial,

and against self-incrimination. In this case, the enhancement was not imposed for Robinson's statements made in his own defense, but because he tried to persuade a codefendant to lie and to withhold information. Suppressing this type of illegal conduct in no way deters a defendant from exercising any constitutional right. Therefore, the district court was not obliged to view the evidence "in the light most favorable" to Robinson.

justice in this case. Defendant will argue that he has not obstructed justice and, therefore, pursuant to the Sentencing Guidelines, Chap. 3, Part C, (3C1.1), the Offense Level calculated in paragraph 3 should not be increased. The government reserves the right to submit evidence that defendant has obstructed justice; and if the Presentence Report recommends an upward adjustment on this ground, the Government reserves its right to argue in support of such a recommendation.

Robinson signed this agreement. He was aware of what it said. Robinson waived any objection to the use of evidence that he obstructed justice when he entered his plea pursuant to the plea agreement.

However, Robinson makes the claim that the plea agreement is constitutionally defective, and is therefore invalid. He bases this claim on a tortured reading of *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). In the main holding of *McMillan* the Supreme Court upheld a change Pennsylvania made in its law. Pennsylvania removed an element of a crime, subject to proof beyond a reasonable doubt before a jury at the guilt-or-innocence phase, and allowed it to be used in sentencing, with proof by mere preponderance of the evidence.

None of this, on its face, is helpful to Robinson. However, he focuses on language in *McMillan* which says that the Pennsylvania statute was valid because the legislature did not "restructure" the crime in violation of the standard set out in *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Robinson reasons that a "restructuring" of an offense which violates this standard would, therefore, be unconstitutional. He then argues that, in his case, "the prosecution effectively 'restructured' the crime of obstruction of justice by dismissing it, only to reraise it at sentencing where the prosecution's burden was the lesser preponderance of the evidence standard." Robinson concludes that the government thereby violated his constitutional right to due process, and that he was entitled to the "full panoply of due process protections required at trial" when the district court made its determination, for sentencing purposes, that he had obstructed justice.

Robinson's entire argument based on *McMillan* is incorrect. *McMillan* refers to what a legislature is allowed to do. It does not by analogy apply to what prosecutors can or cannot do. What happened to Robinson was in perfect compliance with the sentencing guidelines. His creative reading of *McMillan* cannot change this.

■ The district court has "great latitude in the information [it] uses to determine the sentence", including "reliable evidence of wrongdoing for which defendant has not been charged or convicted." *United States v. Nowicki,* 870 F.2d 405, 406–07 (7th Cir. 1989). The district court in this case considered information indicating that Robinson had obstructed justice, wrongdoing for which he had neither been charged nor convicted. It was proper for it to do so.

Robinson's due process challenge fails.

*Other Challenges*

Robinson raised four issues in a supplemental brief. The government argues that Robinson failed to preserve the first three in his negotiated plea. In *United States v. Nunez,* 958 F.2d 196, 200 (7th Cir.1992) we reiterated the rule that "a defendant's plea of guilty admits, in legal effect, the facts as charged, and waives all non-jurisdictional defenses." Having pled guilty, the defendant no longer has the right to raise defenses on the merits. *Id. See also United States v. Brown,* 870 F.2d 1354 (7th Cir.1989). (A guilty plea "renders irrelevant" even "constitutional violations not logically inconsistent with the valid establishment of factual guilt.") *and United States v. Lumpkins,* 845 F.2d 1444, 1448 (7th Cir.1988) ("Defendants who plead guilty provide the government with a complete basis for the conviction and simultaneously waive their constitutional privilege against self-incrimination and their constitutional rights to have their cases tried before juries and to confront prosecution witnesses.").

■ The first issue Robinson raised in his supplemental brief was a claim that "the district court erred as a matter of law by not

granting the Appellant an acquittal either on the conspiracy charge or on the charge of continuing criminal enterprise." However, both charges were set out in the plea agreement, which Robinson signed. Pursuant to the plea agreement Robinson pled guilty to both. This alleged defect is nonjurisdictional and is waived.[4]

■ The second issue Robinson raised in his supplemental brief is that the district court did not "determine the amount of drugs" involved in the instant offense. He argues that we must remand the case for resentencing. The government argues that Robinson waived this argument when he signed the plea agreement and stipulated statement of facts which set out the drug quantities.

Robinson cites to *United States v. Leichtnam*, 948 F.2d 370 (7th Cir.1991) as authority for his argument. However, *Leichtnam* does not apply to Robinson's case. In *Leichtnam* the defendant was tried and convicted of, among other things, drug charges. The district court failed to make a clear record of the quantity of drugs for which the defendant was held accountable. *Id.* at 382. The reviewing court was unable to determine how the district court "computed a base offense level and guideline range and arrived at the sentence it did" and therefore it was "impossible to tell from the record . . . whether the sentence . . . was a correct application of the guidelines or not." *Id.*

We face none of these difficulties. Robinson admitted to specific quantities of drugs in his plea agreement. The sentencing guidelines range which was to be applied when he was sentenced was also set out in the plea agreement. He was sentenced to the minimum of the applicable range. Robinson even admits that a determination of "the amount

of drugs involved will not change the guidelines calculation."

Robinson pled guilty, and was sentenced based on what he admitted in the plea agreement, at the guideline level agreed upon in the plea agreement. There was no requirement that the district court spend time independently determining facts which will not affect the outcome of the case. Robinson got what he bargained for, he waived any right to challenge the contents of the plea agreement when he signed it, and he has no basis to challenge it now.

■ The third issue Robinson raised in his supplemental brief is that the government failed to timely file an information indicating its intent to rely on Robinson's prior convictions for sentencing purposes. The information must be filed "before entry of a plea of guilty." 21 U.S.C. § 851(a)(1). The formal filing of the information and the entry of the plea both occurred on September 10, 1992. However, we have previously held that § 851(a)(1) "has no application to the effect of prior convictions in deciding the appropriate sentence within . . . the guidelines." *United States v. Koller*, 956 F.2d 1408 (7th Cir.1992).[5]

■ Moreover, Robinson had actual notice of the criminal history category under which he would be sentenced. In fact, he specifically agreed to it when negotiating the plea agreement. He now attempts to evade this result, by citing to a technical noncompliance with a rule which does not apply to his case. This third issue is waived.

■ The fourth and final argument Robinson made in his supplemental brief is that the district court failed to determine that there was a factual basis for a guilty plea, as required by Rule 11(f).[6] In *United States v. Montoya*, 891 F.2d 1273, 1295 (7th Cir.1989),

---

4. Even if it were not waived, Robinson would have lost. He cites to out of circuit cases for his argument. He concedes that this circuit, in *United States v. Bond*, 847 F.2d 1233 (7th Cir.1988) held that convictions under both are allowed where the sentences are served concurrently. He hoped to persuade us to change our rule.

5. Section 851 was "enacted long before the Guidelines." What it *does* apply to is "additional penalties provided by a repeater statute over and

above the maximum penalty prescribed by statute for a particular offense." *Koller* at 1417.

6. Rule 11(f) reads:

Determining Accuracy of Plea. Notwithstanding the acceptance of a plea of guilty, the court shall not enter judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

we found that "the defendant's knowingly presented admissions were sufficient to establish an adequate factual basis for the defendant's guilty plea." Here, the district court had the guilty plea, and stipulated statement of facts, both of which Robinson had signed. The court asked Robinson three times, in three different ways, if the facts in the stipulated statement were true. Each time it received an affirmative answer.

An oral proffer by the government and response by the defendant at the plea hearing may be helpful even when there is a written stipulation of fact. However, we held in *United States v. Musa*, 946 F.2d 1297, 1302 (7th Cir.1991) that the district court is not required to engage in a colloquy with the defendant to establish a factual basis for a guilty plea. The court "may find the factual basis from anything which appears in the record" and moreover, "the test for whether there is a factual basis for a guilty plea is subjective." *Id.* at 1302–3. The stipulated statement of fact, plus Robinson's responses at the plea hearing were sufficient to conform to the requirements of Rule 11(f).

Robinson's fourth and final argument fails.

The sentence imposed on Ervin J. Robinson by the district court is AFFIRMED.