69 F.3d 538
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ashok C. SHAH; Jyoti A. Shah, Defendants-Appellants.
 Nos. 95-1194, 95-1195.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1995.
 
 Before: NORRIS, SUHRHEINRICH and GIBSON,* Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Ashok Shah pleaded guilty to Count 3 of a three-count information charging him with income tax evasion in violation of 26 U.S.C. Sec. 7201 (1988). Defendant Jyoti Shah pleaded nolo contendere to a one-count information, charging her with aiding and abetting in the delivery and disclosure of false information to the Internal Revenue Service (the "IRS") in violation of 26 U.S.C. Sec. 7207 (1988).
 
 
 2
 The district court sentenced Ashok to thirteen months incarceration, imposed a $100,000 fine and a mandatory special assessment of $50. Jyoti received two years probation and was fined $50,000 with a mandatory special assessment of $25. The district court then added a two-level enhancement for obstruction of justice to both defendants' sentences pursuant to United States Sentencing Guidelines, Guidelines Manual, Sec. 3C1.1 (Nov. 1989).[1]
 
 
 3
 Defendants raise these issues on appeal: (1) whether their due process rights were violated by the obstruction of justice enhancement; (2) whether the district court was clearly erroneous in finding defendants had obstructed justice; (3) whether the district court's denial of a reduction for acceptance of responsibility was clearly erroneous; and (4) whether the district court's imposition of the fines was clearly erroneous.
 
 
 4
 Because we find no due process violation occurred and that the district court's factual findings are not clearly erroneous and its application of the guidelines to the facts is proper, we AFFIRM.
 
 I. FACTS
 
 5
 The IRS notified Ashok in April 1990, that it would conduct a civil audit of his 1987 joint return. During sentencing, the court enhanced Ashok's sentence for obstruction of justice because he submitted false documents to the auditor in support of deductions he claimed on his returns. He also gave false information to the presentence investigator about his financial affairs including vested interests in pension funds.
 
 
 6
 The court enhanced Jyoti's sentence for obstruction of justice because she requested that a former tenant be unresponsive to IRS inquiries about the tenant's financial dealings with defendants. The district court also found that Jyoti provided false information to the presentence investigator concerning monthly income and interest in several pension funds.
 
 II. ANALYSIS
 
 7
 This court reviews the district court's interpretation of the guidelines de novo and upholds factual finding unless clearly erroneous. United States v. Morrison, 983 F.2d 730 (6th Cir.1993).
 
 A. Due Process Violation
 
 8
 Defendants contend that the enhancement pursuant to U.S.S.G. Sec. 3C1.1 violated due process because the plea agreement stated that no additional charges would issue against defendants. Sentencing courts, however, are entitled to rely on a broad range of information, including evidence of wrongdoing for which the defendant has not been charged or convicted. United States v. Robinson, 14 F.3d 1200, 1205 (7th Cir.1994). See also United States v. Moreno, 899 F.2d 465, 473 (6th Cir.1990), cert. denied, 503 U.S. 948 (1992); United States v. Miller, 910 F.2d 1321, 1327 (6th Cir.1990), cert. denied, 498 U.S. 1094 (1991) (holding that related conduct can be considered in determining the sentence). Thus, the due process challenge fails.
 
 B. Factual Basis for Enhancement
 
 9
 Next, Jyoti argues that there was no factual basis for the enhancement. Jyoti contends that the timing of the conversation with the tenant cannot be used to support the obstruction enhancement because it occurred before the criminal investigation. There is, however, no reason to distinguish a civil audit from the subsequent overlapping criminal investigation. See United States v. LaSalle Nat'l Bank, 437 U.S. 298, 314 (1978).
 
 
 10
 The district court found that Ashok obstructed justice by submitting false documents to the IRS auditor to substantiate the deduction found on the returns in question. Ashok argues that the use of the documents constitutes double counting as it is an element of the offense. We disagree. Tax evasion is a completed offense at the time of filing. Sansone v. United States, 380 U.S. 343, 354 (1965). Thus, the false documents submitted during the audit after the filing of the returns were not part of the offense to which Ashok pleaded guilty.
 
 C. Acceptance of Responsibility
 
 11
 Defendants also argue that the district court's denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1 was clearly erroneous. Whether a defendant has accepted responsibility for his crime is a factual question. United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989). Here, defendants' sentences were enhanced for obstruction of justice. This enhancement for obstruction reflects the fact that a defendant has not accepted responsibility for criminal conduct. Nevertheless, in extraordinary cases, the reduction may apply. U.S.S.G. Sec. 3E1.1., comment. (n. 4) (Nov. 1989).
 
 
 12
 Neither Ashok or Jyoti has demonstrated any exceptional circumstances that would allow the enhancement for obstruction of justice and reduction for acceptance of responsibility. Further, the district court noted the absence of remorse on the part of Ashok for his criminal actions. With respect to Jyoti, she pleaded nolo contendere, provided no factual basis for the plea and relied on the government to provide it. Accordingly, we cannot say that the district court's finding was clearly erroneous.
 
 D. Fine
 
 13
 Finally defendants claim that the fine in the amount of $150,000 ($100,000 assessed to Ashok; $50,000 to Jyoti) violated the guidelines. Defendants contend that the sentencing court erroneously relied on U.S.S.G. Sec. 5E1.2(c)(2)(C) (Nov. 1989), permitting a maximum fine of three times the pecuniary gain to the taxpayers, as defendants' fine.
 
 
 14
 We find, however, that the district court's reliance on Sec. 5E1.2(c)(2)(C) was proper. The sentencing court commented on the "rank greed" that motivated defendants to act in violation of the law and their continued efforts to conceal their wealth. The court noted that although defendants paid restitution, they should pay more. See Sec. 5E1.2(e) (stating that fines should be punitive). Further, the fines imposed did not exceed the statutory limits in 18 U.S.C.A. Sec. 3571(b) (West Supp.1995). Accordingly, the defendants were fined within the guideline range.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 The 1989 guidelines are applied as they were in effect at the time of the offense and the current guidelines imposes a more severe sentence