151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
Jerome DORTCH, Defendant-Appellant.
 No. 97-3505.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 14, 1998.
Decided May 15, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 CR 796 James B. Zagel, Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written agreement, Jerome Dortch pleaded guilty to mail fraud and was sentenced to thirteen months' imprisonment. Dortch's counsel filed a notice of appeal but now seeks to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he considers an appeal to be without merit or possibility of success. Although Dortch was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a), he has not responded. Because counsel's Anders brief is adequate on its face, we limit review of the record to those issues raised in counsel's brief. United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997); United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996). We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 Dortch was an eligible Medicaid beneficiary who engaged in a scheme to obtain prescription drugs using over $35,000 in Medicaid benefits. From various unwitting physicians, Dortch obtained prescriptions that he filled at different pharmacies. Dortch then resold the drugs on the street for personal profit. Because the various physicians and pharmacies used the United States mail for reimbursement and payment for the drugs, Dortch was charged by indictment with two counts of mail fraud. After his arrest, Dortch entered into a plea agreement in which he agreed to plead guilty to one count of mail fraud in violation of 18 U.S.C. §§ 2 and 1341. The district court accepted Dortch's guilty plea and sentenced him to thirteen months' imprisonment.
 
 
 3
 Counsel's Anders brief identifies three potential areas for appeal and explains why each would be frivolous. First, counsel notes that Dortch could challenge the sufficiency of the indictment. We conclude that such a claim would be frivolous. The indictment was constitutionally sufficient because it clearly set forth the elements of the offense, enabled Dortch to prepare his defense, and enabled Dortch "to plead the judgment as a bar to later prosecution of the same offense." United States v. Allender, 62 F.3d 909, 914 (7th Cir.1995), cert. denied, 516 U.S. 1076, 116 S.Ct. 781, 133 L.Ed.2d 732 (1996).
 
 
 4
 Second, counsel states that Dortch could challenge the plea agreement. Based on the information in the record, a sufficient factual basis existed for Dortch's guilty plea. See United States v. Robinson, 14 F.3d 1200, 1207 (7th Cir.1994) (the court " 'may find the factual basis from anything which appears in the record" ') (quoting United States v. Musa, 946 F.2d 1297, 1302-03 (7th Cir.1991)). By entering into the guilty plea, Dortch waived all non-jurisdictional challenges to his conviction's constitutionality. United States v. Markling, 7 F.3d 1309, 1312 (7th Cir.1993). Because Dortch does not seek to withdraw his guilty plea, we need not address the voluntariness of his plea agreement. Wagner, 103 F.3d at 552. We, therefore, agree with counsel's conclusion that these potential claims regarding his plea agreement would be frivolous.
 
 
 5
 Finally, counsel states that Dortch could challenge his sentence. As counsel points out, the calculation of the criminal history is the only difference between the calculation suggested by the plea agreement and the final sentencing calculation. See United States v. Barnes, 83 F.3d 934, 937-38 (7th Cir.), cert. denied, 117 S.Ct. 156 (1996) (fact that the defendant's prior criminal history resulted in a higher sentence than that suggested in the plea agreement did not invalidate plea agreement and guilty plea). Because the presentence investigation revealed two additional convictions unknown to the government at the time of the plea agreement, and Dortch acknowledged these convictions, counsel correctly asserts that an appeal on this ground would be frivolous. Further, counsel correctly asserts that an appeal challenging the length of the sentence is without merit because the sentence imposed was within the final guideline range and it does not appear that the district court abused its discretion in calculating the sentence. Counsel also properly concludes that any challenge based on district court's discretionary refusal to depart downward would be frivolous. See United States v. Yoon, 128 F.3d 515, 529 (7th Cir.1997).
 
 
 6
 Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.