**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marcus HENRY, Defendant–Appellant.**

**No. 01–1561.**

United States Court of Appeals,
Seventh Circuit.

Submitted July 25, 2001.

Decided Aug. 9, 2001.

Before FLAUM, EASTERBROOK, and KANNE, Circuit Judges.

## ORDER

Marcus Henry pleaded guilty to distributing more than five grams of cocaine base, 21 U.S.C. § 841(a)(1), and was sentenced to 136 months' imprisonment. Henry filed a notice of appeal, but his attorney has moved to withdraw and filed an *Anders* brief detailing the potential issues he considered and explaining why an appeal based on them would be frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Because counsel's brief is facially adequate and Henry has declined our invitation to file a response, *see* Cir. R. 51(b), our review is limited to the issues raised in the brief, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997).

Counsel first considers whether Henry might contest the validity of his guilty plea, but informs us that Henry does not wish to withdraw the plea. Henry has not disputed counsel's assertion by way of a 51(b) response, and our review of the plea agreement reveals at least one significant benefit–the dismissal of an additional count based on 18 U.S.C. § 924(c)–that Henry may well wish to retain. In any event, counsel concludes that an attempt to invalidate Henry's plea would be frivolous. Counsel identifies several omissions from the district court's Rule 11 colloquy, but concludes that each was harmless. Though the district court neither outlined the elements of Henry's offense nor informed Henry that it must consider the applicable guidelines in imposing his sentence, *see* Fed.R.Crim.P. 11(c)(1), Henry's written plea agreement covered both topics thoroughly so Henry cannot show he was unaware of the information the district court omitted. The district court also neglected to inform Henry that his plea hearing testimony could be used to prosecute him for perjury, *see* Fed.R.Crim.P. 11(c)(5), but counsel observes that this omission, too, was harmless because no perjury prosecution is planned or underway, *see United States v. Graves*, 98 F.3d 258, 259 (7th Cir.1996). We review a Rule 11 plea colloquy for plain error when a defendant has not sought to withdraw his guilty plea in the district court, *see United States v. Driver*, 242 F.3d 767, 769–71 (7th Cir.2001), but even were we to apply the more exacting harmless error standard, *see United States v. Vonn*, 224 F.3d 1152, 1155 (9th Cir.2000) (noting that Rule 11(h)'s harmless error standard applies to all Rule 11 errors), *cert. granted,* —— U.S.

——, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001), we would agree with counsel that any argument based on these omissions from the Rule 11 colloquy would be frivolous.

Next, counsel considers potential challenges to Henry's sentence, but concludes that each would be frivolous. First, counsel notes that Henry waived any challenge to his total offense level (29) by stipulating to it in his plea agreement. *See United States v. Robinson*, 14 F.3d 1200, 1206 (7th Cir.1994). Regarding Henry's criminal history category (IV), counsel observes that any challenge would be reviewed only for plain error because Henry raised no objections to the PSR in the district court, *see, e.g., United States v. Mijangos*, 240 F.3d 601, 603 (7th Cir.2001), but notes that, in any event, the category determination was proper. Finally, counsel concludes that Henry's 136–month sentence was within both the resulting guideline range (121–151 months) and the 40–year statutory maximum. *See* 21 U.S.C. § 841(b)(1)(B)(iii). After reviewing the plea agreement, PSR, and sentencing transcript, we agree that any challenge to Henry's sentence would be frivolous.

Counsel's Motion to Withdraw is GRANTED and the appeal is DISMISSED.