**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Leslie K. CORN, Defendant–Appellant.**

**No. 91–2187.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 5, 1991.

Decided Feb. 3, 1992.

Certiorari Denied March
30, 1992.  See 112 S.Ct. 1574.

Francis D. Schmitz, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

William S. Mautner (argued), Atinsky, Kahn, Sicula & Teper, Milwaukee, Wis., for defendant-appellant.

Before CUMMINGS and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

On November 18, 1990, Leslie Corn, a Native American, was involved in a bar fight on the Menominee Indian Reservation; he hit a man with a beer bottle and cut his eye out. Corn was tried in the Eastern District of Wisconsin. 18 U.S.C. § 1153 (West Supp.1991) ("Any Indian who commits ... assault resulting in serious bodily injury ... shall be subject to the same law and penalties as all other persons ..., within the exclusive jurisdiction of the United States."). At trial, the jury rejected Corn's claim that he acted in self-defense and found him guilty of committing an assault resulting in serious bodily injury. The trial court then sentenced Corn to 92 months' imprisonment. Corn argues on appeal that the prosecution did not disprove self-defense beyond a reasonable doubt and that the district court sentenced him improperly. We affirm the conviction and sentence.

### *Discussion*

■ Corn first argues that the prosecution did not disprove self-defense beyond a reasonable doubt.[1] Corn testified that he saw a "shiny thing" in the victim's hand which he feared was a knife, and the victim admitted that he was in fact carrying a small pocket knife in his pocket. None of the many witnesses to this bar fight saw the victim reach for or wield any weapon or other shiny thing, however. The jury was entitled to reject the defendant's uncorroborated testimony on this point. In addition, the bartender testified that he saw Corn "go walking over and hit [the victim] on the side of the head with the bottle." Corn took those steps from "about four feet." Trial Tr. at 18. Even if the victim did have a small knife in his hand, the jury could have concluded that Corn's aggressive conduct was not "necessary to defend himself against the imminent use of unlawful force." Looking at the evidence in the

light most favorable to the government, a rational trier of fact could have found that the prosecution disproved self-defense beyond a reasonable doubt. That is sufficient to uphold the conviction. *United States v. Camargo*, 908 F.2d 179, 184 (7th Cir.1990).

■ Corn challenges his sentence on three separate grounds. Pursuant to Sentencing Guideline § 3C1.1,[2] the district court increased Corn's offense level by two after finding that he obstructed justice by committing perjury on the stand. In *United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 2618, 57 L.Ed.2d 582 (1978), a presentencing guidelines case, the defendant argued that enhancing his sentence, based on a trial court's determination that he committed perjury, impinged his constitutional and statutory rights to plead not guilty and to testify in his own behalf. The Supreme Court affirmed "the authority of a sentencing judge to evaluate carefully a defendant's testimony on the stand, determine ... whether that testimony contained willful and material falsehoods, and, if so," assess whether that factor should contribute to the sentence. At the same time, the Supreme Court stated that it was not requiring "a sentencing judge to enhance, in some wooden or reflex fashion, the sentences of all defendants whose testimony is deemed false." *Id.* We applied *Grayson* to § 3C1.1 in *United States v. Lozoya–Morales*, 931 F.2d 1216, 1218–20 (7th Cir.1991). We held that a district court should not automatically enhance the sentence of every defendant who takes the stand but is convicted. Rather, a district court must make an independent factual determination that the defendant lied, which we will uphold unless it is clearly erroneous. *Id.*

■ In the present case, the district court asserted that "the jury quite correctly concluded that Mr. Corn lied on the

---

**1.** A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to defend himself (or another) against the imminent use of unlawful force. Seventh Circuit Crim. JI 4.01.

**2.** § 3C1.1 provides: If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.

witness stand in three significant respects[: how he was holding the beer bottle when he struck his victim, the sequence of events leading up to the confrontation, and whether the victim was holding a shiny thing in his hand.... I]n the context of the facts *as I find them,* I believe the probation department is correct and on solid ground in recommending the two-level enhancement for obstruction of justice...." Sentencing Tr. at 14–15 (emphasis added). On appeal, Corn argues that the district court improperly concluded that the jury's verdict of guilty constituted a conclusion, *by the jury,* that Corn lied. Appellant's Br. at 13–14. Corn points out that the jury could have believed every word of Corn's testimony but convicted him nevertheless, by concluding, for example, that Corn's fear of being stabbed was not reasonable. Corn is correct; the jury's verdict does not constitute a determination that Corn lied. In this case, however, the district court made an *independent* determination that Corn lied on three different issues. Because other witnesses' testimony conflicted with Corn's testimony on each point, and the district court was in the best position to determine whether Corn was lying, we cannot say that its determinations were clearly erroneous. Corn's fabrications regarding how he held the beer bottle were particularly material to the case. Corn claimed that he held the beer bottle by the neck, with the bottom of the bottle facing *down,* and simply punched his victim while holding the bottle. If Corn's testimony were true, then Corn's attack may not have proximately caused the victim to lose an eye; the victim may have lost the eye when his own glasses broke under the force of Corn's punch. A bartender told a different story from Corn, however. He testified that Corn held the bottle by the neck with the bottom facing up and to the side. Trial Tr. at 37. If the bartender's testimony was accurate, then Corn likely took his victim's

eye out by breaking a bottle over his head. The district court was convinced that this was the case; if Corn's story had been true, Corn would have hurt his own hand. Sentencing Tr. at 3. Because of this material fabrication, we affirm the district court.

Corn next argues that the district court erred by refusing to reduce the sentence for acceptance of responsibility pursuant to § 3E1.1.[3] We grant "great deference" to the trial court on this factual question. *Camargo,* 908 F.2d at 185. Corn argues that he accepted responsibility for his acts by voluntarily terminating his criminal conduct after striking his victim; voluntarily surrendering to an FBI agent for questioning; admitting to involvement in the incident; and expressing remorse at the sentencing hearing. The district court found that Corn's lies to the jury outweighed any merit these factors may have.[4] This determination is expressly supported by Note 4 to § 3E1.1, which provides that "Conduct resulting in an enhancement under § 3C1.1 ... ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." We believe that the district court properly determined that this is not such an extraordinary case.

Last, we do not have jurisdiction over the district court's refusal to grant Corn a downward departure from the sentencing guidelines. *United States v. Macias,* 930 F.2d 567, 571 (7th Cir.1991).

### Conclusion

We AFFIRM the jury's guilty verdict and the district court's sentence.

---

**3.** § 3E1.1 provides: If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels.

**4.** In addition, we agree with the government that "The defendant's statement that ... he did not really mean 'to cut the dude's eye out' is hardly a sincere expression of remorse for the violent crime committed by this defendant." Appellee's Br. at 34.