37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Steven FULLER, Defendant-Appellant.
 No. 93-3976.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1994.*
Decided Oct. 24, 1994.
 
 Before POSNER, Chief Judge, CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Steven Fuller pleaded guilty to distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Pursuant to the plea agreement, the government recommended a two-level reduction in Fuller's offense level for acceptance of responsibility. With the reduction, Fuller's offense level would have been 12 with a criminal history category of I, yielding a sentencing range of 10-16 months. The district court, however, refused to grant Fuller the acceptance of responsibility adjustment, giving him an offense level of 14 and a sentencing range of 15-21 months. The court imposed a sentence of fifteen months' imprisonment, four years' supervised release, and three hundred hours of community service. Fuller challenges the trial court's refusal to grant the two-level reduction for acceptance of responsibility.
 
 
 2
 At the initial sentencing hearing, held on November 18, 1993, Judge Miller ordered an evidentiary hearing to explore the allegation in paragraph 18 of the Presentence Investigation Report that Fuller had lied to members of the South Bend Drug Task Force regarding the source of his cocaine. Fuller and Detective Douglas Radican of the South Bend Police Department testified at the evidentiary hearing, held on December 1, 1993. The task force believed that Fuller purchased cocaine from Robert Harris, a black male. The controversy at the evidentiary hearing concerned whether any of Fuller's sources were black males. At the hearing, Fuller testified that he had "never bought cocaine from a black individual." Tr. of December 1, 1993 at 43.
 
 
 3
 In spite of Fuller's testimony, Judge Miller found that Fuller had purchased cocaine from Robert Harris, a black male who drove a blue Cadillac. Judge Miller denied Fuller a two-level reduction for acceptance of responsibility, citing his testimony at the evidentiary hearing that he had never purchased cocaine from a black individual:
 
 
 4
 I do not believe that it would be appropriate to deny acceptance of responsibility on the basis of the ... statement to the task force that Mr. Fuller never bought from a black person.... [However], Mr. Fuller took the stand under oath and repeated the statement that he made to the task force people.... I think that Mr. Fuller did purchase cocaine from a black person, specifically Robert with the blue Cadillac, and told the task force people contrary, I believe that I must deny acceptance of responsibility in the sense that he told me the same thing under oath moments ago.
 
 
 5
 Tr. of December 1, 1993 at 53-54.
 
 
 6
 Fuller appeals Judge Miller's decision, arguing that the trial court clearly erred in denying him a two-point reduction for acceptance of responsibility. We affirm.
 
 I. Standard of Review
 
 7
 Whether a defendant has accepted responsibility under Sec. 3E1.1[1] of the Sentencing Guidelines "is essentially a question of fact for the district court to resolve." United States v. Franklin, 902 F.2d 501, 505 (7th Cir.1990), cert. denied, Mann v. United States, 498 U.S. 906 (1990). The Court of Appeals will review the factual findings of the district court only for clear error. Id.; United States v. Pitz, 2 F.3d 723, 732 (7th Cir.1993), cert. denied, Dupont v. United States, 114 S.Ct. 2141 (1994). Furthermore, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564, 574 (1985); United States v. Clay, Nos. 93-3699 & 93-3840, slip op. at 12 (7th Cir. Oct. 6, 1994) ("When ... the district court is faced with the differing live accounts of two witnesses ... its credibility judgment ... will virtually never be disturbed.").
 
 
 8
 The commentary to Sec. 3E1.1 observes that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. Sec. 3E.1.1, comment. (n. 5). Thus, the Guidelines dictate that we "must give due deference to the district court's unique opportunity to more accurately evaluate a defendant's acceptance of responsibility." Pitz, 2 F.3d at 732. Finally, the burden of demonstrating that a reduction for acceptance of responsibility should be granted lies with the defendant. Id.
 
 II. Sufficiency of Evidence
 
 9
 Fuller argues that the evidence is insufficient to support Judge Miller's finding that he purchased cocaine from Harris. We disagree. Detective Radican testified at the evidentiary hearing that the police observed Fuller meeting with a black male in a blue Cadillac before Fuller sold cocaine to an agent on January 19. Tr. of December 1, 1993 at 28. Radican testified further that Amy Ullery, who was involved in several of Fuller's drug deals, stated that one of Fuller's sources was a black man named Robert who drove a blue Cadillac. Id. at 19. Three days later, police arrested Robert Harris in the Cadillac and seized one ounce of cocaine. Id. at 28. These facts led Judge Miller to conclude that Fuller purchased cocaine from Harris.
 
 
 10
 Fuller offers three possible scenarios to explain his testimony that he never purchased cocaine from a black person. Fuller contends that his source was a person named Rob Kettig. First, he argues that perhaps Rob Kettig and Robert Harris are the same person. However, we know that Harris is black. If Harris and Kettig are the same person, Fuller did in fact purchase cocaine from a black individual.
 
 
 11
 Second, Fuller argues that he never testified that his source was not black. The transcript is at odds with this assertion. Perhaps Fuller never uttered the words "my source is not black," but he stated clearly in open court, "I've never bought cocaine from a black individual." Tr. of December 1, 1993 at 43.
 
 
 12
 Finally, Fuller argues that race is a matter of perception and the government has offered no proof that he perceived his source as black. Judge Miller concluded that Robert Harris, described as "Robert with the blue Cadillac," is black. Tr. of December 1, 1993 at 54. Absent evidence that a legitimate dispute existed regarding Harris' race, we must uphold the finding of the district court that Harris is a black male.
 
 
 13
 In conclusion, the evidence is sufficient to support Judge Miller's finding that Fuller did not truthfully reveal the source of his cocaine at the sentencing hearing. Absent clear error, "[a]ssessing the credibility of witnesses, [and] determining who is telling the truth and who is lying is the job of the district court." United States v. Robinson, 14 F.3d 1200, 1204 (7th Cir.1994); see also United States v. Ferguson, Nos. 93-2762, 93-2774 & 93-2775, slip op. at 8 (7th Cir. Sept. 15, 1994) ("The district court's evaluation of witness credibility will not be disturbed unless it is completely without foundation."). We do not believe that Judge Miller committed clear error in concluding that Fuller gave false testimony at the sentencing hearing.
 
 
 14
 III. Denial of Acceptance of Responsibility for Perjury
 
 
 15
 Based on his finding that Fuller committed perjury at the sentencing hearing, Judge Miller did not err in denying the two-level reduction for acceptance of responsibility. The Guidelines note that acceptance of responsibility includes "truthfully admitting the conduct comprising of the offense(s) of conviction." U.S.S.G. Sec. 3E1.1, comment. (n. 1(a)). Fuller failed to truthfully admit the source of his cocaine. This court has consistently held that the district court may deny a reduction for acceptance of responsibility to a defendant who commits perjury. See United States v. Evans, 27 F.3d 1219, 1233 (7th Cir.1994) (defendant who denied his guilt at sentencing and interview with probation officer not entitled to acceptance of responsibility reduction); United States v. Wagner, 996 F.2d 906, 915 (7th Cir.1993), cert denied 114 S.Ct. 720 (no acceptance of responsibility reduction for defendant who lied in proffer to police); United States v. Corn, 956 F.2d 135, 137 (7th Cir.1992), cert denied 112 S.Ct. 1574 (defendant who lied at trial did not accept responsibility).
 
 
 16
 In conclusion, Judge Miller did not commit clear error by denying Fuller a two-level reduction for acceptance of responsibility. Thus, the judgment of the district court is
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Section 3E1.1(a) of the Guidelines states, "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels."