46 F.3d 1134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Adam R. ZAK, Defendant/Appellant.
 No. 93-1937.
 United States Court of Appeals, Seventh Circuit.
 Submitted: Dec. 21, 1994.*
Decided: Dec. 21, 1994.
Rehearing Denied Feb. 15, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Adam R. Zak was convicted by a jury of two counts of making false statements to a federally insured bank in 1988, 18 U.S.C. Sec. 1014, and sentenced to 15 months of imprisonment to be followed by one year of supervised release. He challenges his conviction on appeal, contending that the district court erred in admitting evidence of a 1989 bank fraud. After reviewing the district court's evidentiary ruling for an abuse of discretion, United States v. Wilson, 31 F.3d 510, 514 (7th Cir. 1994), we affirm Zak's conviction.
 
 
 2
 Zak argues that the district court erred in admitting evidence of his 1989 bank fraud because the evidence only tended to prove his propensity to commit the charged bank fraud. However, consistent with a diversion agreement Zak had entered into with the government precluding admission of the 1989 bank fraud evidence in subsequent proceedings except for impeachment purposes, the evidence was used to impeach Zak, not to prove guilt.[1] Under Federal Rule of Evidence 608(b)(1), specific instances of a witness's conduct, if probative of truthfulness or untruthfulness, may be inquired into on cross-examination of the witness in the discretion of the court. The district court admitted evidence of Zak's 1989 bank fraud only after Zak took the stand and testified that his failure to list a second mortgage in his personal financial history statement was a mistake and that a bank official had asked to see the government contract which he later forged.[2] By electing to testify, Zak put his credibility in issue, and in rebuttal, the government could introduce evidence relevant to whether Zak was testifying truthfully. See, e.g., United States v. Wilson, 985 F.2d 348, 351-52 (7th Cir. 1993) (bribery, perjury and failure to file income tax returns are acts of dishonesty within the scope of cross-examination under rule 608(b)); United States v. Howard, 774 F.2d 838, 844-45 (7th Cir. 1985) (government could question defendant pursuant to Rule 608(b) as to whether he had lied on employment applications). Evidence of the 1989 bank fraud is probative of Zak's truthfulness because the similarity between the two bank frauds showed that Zak had a method of committing bank frauds and that his false statement to the defrauded bank in 1988 was not simply a mistake as he claimed. Zak, an aeronautical engineer, told both banks that he had a consulting contract with the United States Defense Department and was expecting to receive money from the contract. The two forged Defense Department contracts submitted to the defrauded banks are identical except for the contract amount.
 
 
 3
 Zak argues, however, that admission of the 1989 bank fraud evidence is inappropriate because the misconduct occurred one year after the charged offense.[3] This court has held that Rule 608(b) requires only that the specific instances of misconduct occurred prior to the defendant taking the witness stand. See United States v. Chevalier, 1 F.3d 581, 583 (7th Cir. 1993) (holding that government could use evidence of defendant's bank fraud that occurred after the charged tax fraud to impeach the defendant under Rule 608(b)(1)). Thus, it is immaterial that the 1989 bank fraud occurred after the charged offense. Accordingly, we hold that the district court did not abuse its discretion in admitting evidence of Zak's 1989 bank fraud.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The parties and the district court had classified the 1989 bank fraud as Rule 404(b) evidence, that is, evidence of other misconduct not offered to show defendant's propensity to commit the charged offense but for other purposes such intent, method, and knowledge. See Fed. R. Evid. 404(b). However, because the evidence was not introduced during the government's case-in-chief and was only used to impeach Zak's trial testimony, the more appropriate evidentiary rule is Rule 608(b)(1)
 
 
 [2]
 In fact, the district court had initially refused admit the evidence during the government's case-in-chief, and had warned Zak that if he chose to testify, the government would be allowed to impeach him with the evidence
 
 
 [3]
 Had the 1989 bank fraud been admitted during the government's case-in-chief to prove Zak's intent, then Zak would have a better argument. Although by its very terms, Rule 404(b) does not distinguish between prior and subsequent acts, see United States v. Betts, 16 F.3d 748, 757 (7th Cir. 1994), this court has acknowledged that subsequent criminal activities, particularly conduct that is substantially separated in time from the charged offense, is far less likely to shed light on a defendant's state of mind than a prior conduct would on a subsequent offense. Id. at 758 (district court abused its discretion in admitting, during the government's case-in-chief, marijuana and related paraphernalia seized at least eighteen months after the charged conspiracy ended because the evidence was not probative of defendant's intent and knowledge for purposes of Rule 404(b)); United States v. Moschiano, 695 F.2d 236, 244 (7th Cir. 1982), cert. denied, 464 U.S. 831 (1983). We cautioned, however, that the critical question is whether the evidence is sufficiently probative of a matter within the rule's purview. Betts, 16 F.3d at 758; see also United States v. Watson, 894 F.2d 1345, 1349 (D.C. Cir. 1990)