91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ray COLON, Defendant-Appellant.
 No. 95-4055.
 United States Court of Appeals, Seventh Circuit.
 Argued July 9, 1996.
Decided July 16, 1996.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Colon appeals the sentence imposed by the district court for possession of cocaine while in prison. 18 U.S.C. § 1791(a)(2) and (d)(1)(C). The sole issue on appeal is whether the district court erred in not reducing Colon's sentence for acceptance of responsibility. U.S.S.G. § 3E1.1.
 
 BACKGROUND
 
 2
 At the time of the incident in question, Colon was incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. On March 4, 1994, prison officials believed that Colon had received narcotics from a visitor, Jennifer Gould. Because of their belief, prison officials escorted Colon to a special observation area where he was searched. Nothing was found. On March 5, 1995, Colon passed two balloons containing a substance that was later determined to be cocaine. On March 6, Colon passed a third balloon, which also contained cocaine. The net weight of the cocaine contained in the three balloons was 2.5 grams.
 
 
 3
 On March 6, a prison employee presented Colon with an incident report that charged Colon with the introduction of heroin into the institution. After reading the report, Colon stated that the report was wrong because it was cocaine not heroine that he had possessed. On March 8, 1995, in an interview with an FBI agent, Colon stated that Gould had brought him the cocaine on March 4, 1995. He said that she gave him three balloons and he ingested them.
 
 
 4
 On August 31, 1995, a one-count information was filed against Colon, charging him with possession of the cocaine in violation of 18 U.S.C. § 1791(a)(2) and (d)(1)(C). Prior to the information being filed, on August 24, 1995, the parties entered into a written plea agreement. The agreement provided that the defendant would plead guilty to the charge, that he would make a full, complete, and truthful statement of his violation of the federal statutes in question. In return, the government agreed to recommend that Colon receive a two-level reduction under the Sentencing Guidelines for acceptance of responsibility. On September 28, the defendant waived indictment and pleaded guilty to the charge stated in the information pursuant to the terms of the plea agreement.
 
 
 5
 On October 9, 1995, the defendant was again interviewed by the FBI agent who had conducted the earlier interrogation. During this interview, Colon told the agent that his statement that Gould have given him the cocaine was a lie. He explained that he had lied because another inmate advised him that if he stated that Gould brought him the cocaine that nothing would happen to Gould. He then told the agent that what actually happened was that he found the balloons in the toilet in the "shakedown room" (the room that a prisoner must go through before receiving a visitor) prior to his visit with Gould. He said he did not know what was in the balloons but decided to swallow them. Thus, according to Colon, he had not smuggled drugs into the prison.
 
 
 6
 On November 7, 1995, the government notified Colon that because of his October 9 statement, it would be withdrawing its recommendation that he receive a two point reduction for acceptance of responsibility. After reviewing the United States Attorney's file and speaking with Colon, the probation officer, in the presentence report, recommended that Colon be denied the two-level reduction for acceptance of responsibility. This recommendation was based upon the officer's belief that the Colon had lied in his October 9 statement.
 
 
 7
 On December 7, 1995, the district court held a sentencing hearing. After receiving testimony and argument, the court concluded that Colon's March 8th statement that he received the balloons containing the cocaine from Gould and his statement, made on October 9, that he found the cocaine in a toilet in the shakedown room, were both false. The court based its evaluation of the October 9 statement partly upon the fact that on March 6, when a prison employee told him that was being charged for introducing heroin into the facility, Colon replied that the substance in question was cocaine and not heroin. The court concluded that this cast grave doubt on the veracity of Colon's statement that he swallowed the balloons not knowing what they contained.
 
 
 8
 The court concluded that neither of the false statements provided a basis for adding an obstruction of justice enhancement to Colon's sentence under U.S.S.G. § 3C1.1. The district judge, however, found that Colon was not entitled to a two point reduction in offense level for acceptance of responsibility because Colon submitted two untrue stories to the FBI. In reaching this result, the court cited application note 1 of § 3E1.1, which states that a defendant may remain silent in respect to relevant conduct beyond the offense of conviction and still obtain the reduction under this subsection, but that "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." The district court stated that it believed someone other than Jennifer Gould had delivered the cocaine to Colon. The judge said that Colon could have remained silent about the person's identity, but that by lying about how he obtained the cocaine, saying it was delivered by Gould and then saying he found it, he had not accepted responsibility under the Guidelines. The court also briefly noted that one of the factors that should be taken into account in determining whether to grant the two point reduction is the timeliness of the defendant's conduct in manifesting the acceptance of responsibility. U.S.S.G. § 3E1.1(h). The court did not rely upon this factor, but noted that the defendant had already given two versions of what happened, neither of which the court believed, and thereby implied that if the defendant eventually told the truth about how he acquired the cocaine, he would not have done so in a timely manner.
 
 
 9
 The court determined that Colon had an offense level of 13, that no adjustments were in order, and that he had a criminal history category of VI. On this basis the court imposed a sentence of 33 to 41 months, to run consecutively with Colon's present incarceration. Colon filed a timely notice of appeal, challenging only the district court's refusal to grant a downward departure for acceptance of responsibility.
 
 ANALYSIS
 
 10
 The sentencing guidelines provide for a two point decrease in offense level if the defendant clearly demonstrates acceptance of responsibility. U.S.S.G. § 3E1.1(a). In determining whether the defendant qualifies for this adjustment, a court should consider among other things, whether the defendant truthfully admitted the conduct comprising the offense of conviction and truthfully admitted (or did not falsely deny) additional relevant conduct. U.S.S.G. § 3E1.1, Application Note 1(a). The defendant may remain silent regarding relevant conduct beyond the offense level, but a defendant who falsely denies relevant conduct is deemed to have acted in a manner inconsistent with acceptance of responsibility. Id.; United States v. Taylor, 72 F.3d 533 (7th Cir.1995). This latter point is stated in the Application Notes to the Guidelines, rather than in the Guidelines themselves. However, the Application Notes are entitled to substantial weight. United States v. White, 888 F.2d 490, 497 (7th Cir.1992).
 
 
 11
 Here Colon does not contest the fact that the circumstances under which he obtained the narcotic containing balloons constituted relevant conduct. His primary argument on appeal is that there was no evidence to support the district court's conclusion that Colon lied when he told an FBI investigator that he found the balloons in the toilet and did not know what they contained when he swallowed them. Colon has the burden to demonstrate by a preponderance of the evidence that he is entitled to a reduction in offense level because he has accepted responsibility for his offense. United States v. Francis, 39 F.3d 803, 807 (7th Cir.1994). This Court should only overturn the district court's determination on whether the defendant has accepted responsibility if the ruling is clearly erroneous. 18 U.S.C. § 3742(e); U.S.S.G. § 3E1.1, Application Note 5; Francis, 39 F.3d at 807. Under the clearly erroneous standard, we will " 'nearly always sustain the judgment of the district court in this area.' " United States v. Beal, 960 F.2d 629, 632 (7th Cir.), cert. denied, 506 U.S. 880 (1992).
 
 
 12
 In the present case, the district court did not commit clear error in determining that Colon had not accepted responsibility within the meaning of the guidelines. Colon's argument about the lack of evidence supporting the district court's determination that he was lying in his October 9 statement about how he obtained the cocaine, is premised upon the trial judge's statement that it is not clear how Colon received the drugs. However, the fact that it is not clear how the narcotics got into the prison does not mean that trial judge erred in determining that Colon's explanation was not credible.
 
 
 13
 There is ample evidence that shows that Colon's October 9 story was a lie. First, Colon originally told a different story and admitted that it was a lie. Thus, there is a basis for doubting any statement that Colon made. Second, it seems inherently unbelievable that someone would find balloons in the toilet and, not knowing what they contained, swallow them. Third, when Colon was told that he was going to be charged for introducing heroin into the facility, he stated that the balloons contained cocaine, and not heroin. He was correct. Thus, it appears that he knew what was in the balloons. This contradicts his story that he picked up the balloons and swallowed them without knowing what they contained. Fourth, at the sentencing hearing, Officer Michael Moore testified that when an inmate goes into the bathroom in the shakedown room an officer maintains visual contact with the inmate at all times. He testified further that he spoke with the officer who was on duty the day that Colon claims to have found the cocaine in that room. Moore stated that the officer told him (Moore) that he observed Colon during the entire period that he was in the bathroom area of the shakedown room and that he did not observe Colon pick up any object and take it with him or swallow it there. This casts further doubt on Colon's story that he picked up the cocaine in the bathroom. An inmate testified on Colon's behalf that supervision in the shakedown room was often lax. However, it was within the province of the sentencing judge to sort through conflicting evidence. Moreover, the evidence of supervision of inmates was only one piece of a broad array of evidence that Colon's story was not truthful.
 
 
 14
 There are many cases in which this Circuit has upheld the district court's determination that a defendant had not accepted responsibility because he had made false statements about his conduct. See, e.g., Taylor, 72 F.3d at 550 (upholding the district judge's denial of a reduction in offense level on the ground that the defendant lied about the degree of her participation in the conspiracy); Schuler, 34 F.3d at 457 (upholding the district court's denial of a reduction because defendant lied when he denied additional related conduct); United States v. Corn, 956 F.2d 135, 136-37 (7th Cir.1992) (upholding the district court's enhancement for obstruction of justice and denial of reduction for acceptance of responsibility, where the district court sorted through conflicting testimony to determine that the defendant lied on the witness stand), cert. denied, 503 U.S. 965 (1992). Certainly, these and other cases involving this issue, and the instant case, each involves a different quantity of evidence as to the defendant's veracity. However, there was certainly enough evidence in the present case for the district court to find that Colon's story about finding the balloons was fabricated.
 
 
 15
 Beyond claiming there was no evidence that he lied to the FBI, Colon makes some additional arguments as to why the district court erred. None of these arguments are persuasive however. One argument goes to the district court's statement about timeliness being a factor in determining acceptance of responsibility. However, the transcript of the trial proceeding indicates that the district judge only noted this in passing and did not rely upon it in reaching its conclusion. Moreover, because the district court did not err in its finding that Colon has never told the truth about how he acquired the cocaine, Colon's argument that the district court's standard of timeliness was errant, falls flat.
 
 
 16
 The other arguments and cases that Colon cites deserve only brief mention. Basically, he cites a series of cases in which courts found that there were no grounds for a reduction for acceptance of responsibility and distinguishes his case from those. The problem with these arguments is that in those cases courts found a lack of acceptance of responsibility upon different bases than the district court used in Colon's case. The guidelines and caselaw have found various reasons to deny acceptance of responsibility. As the cases cited above indicate, i.e. Taylor et al., a defendant need not run afoul of every requirement for finding that the defendant has accepted responsibility in order for the district court to properly conclude that the defendant is not eligible for a reduction in offense level; lying about relevant conduct is by itself sufficient. Here the district court determined that Colon had not been truthful about conduct relevant to his crime. The fact he did not go so far as to obstruct justice, or did not make his statement solely to obtain a more favorable sentence, does not mean that the district court erred in denying the reduction for what he did do.
 
 
 17
 JUDGMENT AFFIRMED.