OFFICE OF DISCIPLINARY COUNSEL *v.* MASSEY.

[Cite as *Disciplinary Counsel v. Massey* (1998), 80 Ohio St.3d 605.]

(No. 97–1744—Submitted October 7, 1997—Decided January 7, 1998.)

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Lori J. Brown*, Assistant Disciplinary Counsel, for relator.

*Jefferson H. Massey, pro se.*

---

***Per Curiam.***  We adopt the findings and of the board, but not its recommendation.  The provisions of Section 6050I, Title 26, U.S.Code are designed to provide the government with information to identify unreported income.  *United States v. Wilson* (C.A.7, 1993), 985 F.2d 348, 350.  Under federal law, respondent had a duty to refrain from attempting to structure a transaction to evade the requirement of filing IRS Form 8300.

An attorney is obliged to provide the information in the form unless the attorney can show that compliance would compromise confidential attorney-client communication.  *United States v. Blackman* (C.A.9, 1995), 72 F.3d 1418.  Respondent made no such claim.

A public reprimand is appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed to the profession and causes potential injury to the legal system.  However, the board found by clear and convincing

evidence in this case that respondent engaged in a knowing attempt to evade federal tax reporting laws. His actions were not the result of mere negligence. We therefore suspend respondent from the practice of law for six months. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.