[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 605.]

OFFICE OF DISCIPLINARY COUNSEL *v.* MASSEY.

[Cite as *Disciplinary Counsel v. Massey*, 1998-Ohio-510.]

*Attorneys at law—Misconduct—Six-month suspension—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Engaging in conduct prejudicial to the administration of justice—Attempting to structure a transaction to evade the requirement of filing an IRS Form 8300.*

(No. 97-1744—Submitted October 7, 1997—Decided January 7, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-76.

_____

{¶ 1} Relator, Office of Disciplinary Counsel, filed a complaint on October 15, 1996, charging that respondent, Jefferson H. Massey of Zanesville, Ohio, Attorney Registration No. 0012374, violated several Disciplinary Rules when he made arrangements for the payment of legal fees arising out of his defense of Dwight Taylor on criminal charges. After respondent filed his answer, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that while defending Taylor on charges of aggravated trafficking in cocaine, respondent wrote a letter to him that stated in part:

"As I have advised you a few times, I have intentionally delayed on collecting any attorney fees from you because I was not certain what assets the government might attempt to seize. Any cash paid to me amounting to over $10,000.00 has to be reported by me to the federal government. This would probably trigger an investigation of you by the IRS on all earning [*sic*] you may

have earned by drug sales on which you failed to pay income taxes. This could cost you several years in federal prison. Obviously, we need to avoid these problems.

"* * *

"However, because I have already spent over 125 hours on your case with more to be spent and because we need to resolve the attorney fees before the conclusion of your case, you and I need to figure out how you are to pay the legal fees at this time.

"Being fair to you and me, I feel that a fair figure on the attorney fees is $30,000.00. This is several thousand less than many other attorneys would have charged you and I have done a better job than other attorneys would have done.

"As for how this gets paid, I would suggest that you pay the sum of $9,900.00 in cash or by check as you desire.

"If you can deposit some finds [*sic*] in your mother's account and pay part of it by a check from your mother, this would be a fairly safe way."

{¶ 3} Based upon this letter, the stipulations of the parties, and respondent's testimony both at the hearing and in a deposition, the panel found by clear and convincing evidence that respondent was attempting to evade the requirements of Section 6050I, Title 26, U.S.Code. That section provides: "Any person — (1) who is engaged in a trade or business, and (2) who, in the course of such trade or business, receives more than $10,000 in cash in 1 transaction (or 2 or more related transactions), shall * * * [file an IRS Form 8300]." The regulations which implement this section of the Internal Revenue Code make it clear that it applies to attorneys who are paid in cash. Section 1.6050I-1(c)(7)(iii) (Example [2]), Title 26, C.F.R. We note that Section 6050I(f)(1), Title 26, U.S.Code provides, "No person shall for the purpose of evading the return requirements of this section — * * * (C) structure or assist in structuring, or attempt to structure * * * any transaction with one or more trades or businesses."

**{¶ 4}** The panel concluded that respondent violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice). The panel recommended that respondent receive a public reprimand.

**{¶ 5}** The board adopted the findings, conclusions, and recommendation of the panel.

—————————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Lori J. Brown*, Assistant Disciplinary Counsel, for relator.

*Jefferson H. Massey, pro se.*

—————————————

**Per Curiam.**

**{¶ 6}** We adopt the findings and of the board, but not its recommendation. The provisions of Section 6050I, Title 26, U.S.Code are designed to provide the government with information to identify unreported income. *United States v. Wilson* (C.A.7, 1993), 985 F.2d 348, 350. Under federal law, respondent had a duty to refrain from attempting to structure a transaction to evade the requirement of filing IRS Form 8300.

**{¶ 7}** An attorney is obliged to provide the information in the form unless the attorney can show that compliance would compromise confidential attorney-client communication. *United States v. Blackman* (C.A.9, 1995), 72 F.3d 1418. Respondent made no such claim.

**{¶ 8}** A public reprimand is appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed to the profession and causes potential injury to the legal system. However, the board found by clear and convincing evidence in this case that respondent engaged in a knowing attempt to evade federal tax reporting laws. His actions were not the result of mere negligence. We

therefore suspend respondent from the practice of law for six months.  Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————