UNITED STATES of America,
Plaintiff,

v.

Edgardo COLON–LEDEE,
et al., Defendants.

Criminal. No. 09–131 (ADC/BJM).

United States District Court,
D. Puerto Rico.

Oct. 27, 2010.

Charles R. Walsh, United States Attorney's Office, San Juan, PR, for Plaintiff.

Ramon Garcia–Garcia, Santurce, PR, for Defendants.

## ORDER

BRUCE J. McGIVERIN, United States Magistrate Judge.

Defendant, Edgardo Colón–Ledeé ("Colón") was charged in an eight-count indictment with various offenses relating to bankruptcy fraud. (Docket No. 3). The government moves the court for an order providing that, should Colón testify at trial, the government be permitted: (1) to introduce evidence of Colón's prior conviction on April 10, 2000, for willful failure to pay a child support obligation, in violation of Title 18, U.S.C. § 228(a)(1); and (2) to cross examine Colón about his failure to disclose this prior conviction during his court-ordered psychological evaluation in May and June of 2009. (Docket No. 70). Colón opposes the motion. (Docket No. 127). I will address each in turn.

■ The government first seeks to introduce evidence of Colón's prior conviction pursuant to Federal Rule of Evidence 609(a)(2). That Rule provides that "[f]or the purpose of attacking the credibility of a witness evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." Fed. R.Evid. 609(a)(2). Colón was convicted on April 5, 2000 of one count of willful failure to pay child support in violation of 18 U.S.C. § 228(a)(1), a misdemeanor. (Docket No. 70, p. 2). On April 10, 2000, he was sentenced to a probation term of five years and ordered to pay restitution in the amount of $65,513.17, less credit for the amounts already paid. (Docket No. 70, p. 2). The question, then, is whether Colón's conviction under 18 U.S.C. § 228(a)(1) constitutes a crime involving "dishonesty or false statement" within the meaning of Rule 609(a)(2).

Neither the government nor the defendant has cited case law that directly addresses this question. The government, however, points to cases holding that the failure to file income tax returns constitutes a crime of dishonesty or false statement. See e.g. United States v. Wilson, 985 F.2d 348, 351 (7th Cir.1993); Dean v. Trans World Airlines, Inc., 924 F.2d 805, 811 (9th Cir.1991); but see Cree v. Hatcher, 969 F.2d 34,37–38 (3rd Cir.1992) (holding that conviction for wilful failure to file income tax return is not a crime of dishonesty). In particular, the government argues that both crimes (failure to pay child support and failure to file tax returns) contain the element of wilfulness, which "requires proof of an intentional violation of a known legal duty, and thus describes a

specific intent crime." (Docket No. 70, p. 2). Be that as it may, it does not follow that a violation of a known legal duty necessarily involves an act of dishonesty or false statement. In holding that the crime of failure to file income tax returns, by itself, is *not* a crime involving dishonesty or false statement, the Third Circuit noted that "[t]he Conference Committee that reported Rule 609(a)(2), as originally adopted, described the scope of the Rule as follows: 'By the phrase "dishonesty and false statement" the Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi,* the commission of which involves some element of deceit, untruthfulness or falsification bearing on the accused's propensity to testify truthfully.'" *Hatcher,* 969 F.2d at 37, quoting H.R. Conf.Rep. No. 1597, 93d Cong., 2d Sess. 9, re-printed in 1974 U.S.C.C.A.N. 7098, 7103.

The statute that provided the basis for Colón's prior conviction provides that "[a]ny person who willfully fails to pay a support obligation with respect to a child who resides in another State, if such obligation has remained unpaid for a period longer than 1 year, or is greater than $5,000." 18 U.S.C. § 228(a)(1). While the "wilfulness" element of this offense has been held to require proof that the defendant had the ability to pay his child support obligations, *United States v. Smith,* 278 F.3d 33, 40 (1st Cir.2002), it does not, by itself, require proof that the defendant attempted to conceal his assets or engage in some other type of deceit or false statement in order to be found guilty of violating Section 228(a)(1). I therefore find that a conviction under that section does not constitute a crime of dishonesty or false statement within the meaning of Rule 609(a)(2).

Even if the decision were otherwise, the government faces an additional hurdle. Rule 609(b) provides that "[e]vidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed.R.Evid. 609(b). Here, Colón's conviction for failure to pay child support was finalized more than ten years before his trial. *See U.S. v. Thompson,* 806 F.2d 1332, 1339 (7th Cir.1986) (holding time period under Rule 609(b) runs until date of trial); *U.S. v. Cohen,* 544 F.2d 781, 784 (5th Cir.1977) (same). The government, therefore, is required to demonstrate by specific facts and circumstances that the probative value of the conviction substantially outweighs any prejudicial effect. The government has failed to do so. As mentioned above, I already have found that the conviction under 18 U.S.C. § 228(a)(1) carries little if any probative value as to the defendant's character for dishonesty, whereas the understandable stigma attached to failure to pay child support could be highly prejudicial. Rule 609(b), therefore, also bars evidence of the conviction.

The government, invoking Rule 608(b), also seeks to cross examine Colón on his failure to disclose his prior conviction during a court-ordered psychological evaluation. In particular, Colón was ordered to submit to a psychodiagnostic evaluation in response to domestic violence charges filed while he was on pretrial release for charges in the instant case. (Docket No. 30, p. 3). Colón, a plastic surgeon, informed Dr. José Méndez Villa-

rubia that he had been financially responsible for his children and had no prior legal cases, except for common malpractice cases. (Docket No. 70, p. 3). He did not disclose his conviction for failure to pay child support.

Rule 608(b) provides that "specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified." Fed.R. Evid. 608(b). Under Fed.R.Evid. 609, it is the criminal act which indicates a propensity to be untruthful, while under Rule 608(b), which permits cross-examination concerning specific instances of conduct as probative of character for truthfulness or untruthfulness, it is the act of denying that crime which indicates an untruthful character. *U.S. v. Barnes*, 622 F.2d 107, 108 (5th Cir.1980).

I find that Colón's statements that he was financially responsible for his children, and that he had no prior legal cases other than common medical malpractice cases, and his omission of his prior conviction for failure to pay child support, are probative of Colón's character for truthfulness and untruthfulness. Although Colón contends that he understood that the evaluator's questions regarding any past legal cases pertained only to civil and not criminal cases, such an interpretation is highly doubtful given the fact that the evaluation was performed pursuant to a court order in the present criminal case and after an additional criminal domestic violence complaint was then pending against him. In any event, at trial Colón's attorney have the opportunity to elicit any explanation regarding his alleged misunderstanding, if the defense so wishes. I therefore find that the government may properly question him as to these statements and omissions pursuant to Rule 608(b).

For the foregoing reasons, the government's Motion in *Limine*, (Docket No. 70), is **granted in part and denied in part.**

**IT IS SO ORDERED.**